1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | | |
|---|---|---|
| 11 ULISES CHAVEZ, | ) | Case No.: 1:22-cv-00920-JLT-SKO (HC) |
| 12    Petitioner, | )<br>)<br>) | FINDINGS AND RECOMMENDATIONS TO<br>GRANT RESPONDENT'S MOTION TO DISMISS |
| 13 v. | )<br>) | [Doc. 11] |
| 14 MARTIN GAMBOA, | )<br>) | [THIRTY DAY OBJECTION PERIOD] |
| 15    Respondent. | )<br>) | |
| 16 | ) | |

17

18     Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of

19 habeas corpus pursuant to 28 U.S.C. § 2254.

20     Petitioner filed his petition in this Court on July 4, 2022.[1]  (Doc. 1.)  On September 26, 2022,

21 Respondent filed a motion to dismiss contending that the petition violates the statute of limitations.

22 (Doc. 11.)  On November 10, 2022, Petitioner filed an opposition to the motion to dismiss.  (Doc. 17.)

23 On November 28, 2022, Respondent filed a reply to Petitioner's opposition.  (Doc. 18.)  Upon review

24 of the pleadings, the Court finds that the petition violates the statute of limitations.  The Court will

25

26

27 [1] Although the petition was filed in this Court on July 7, 2022, the petition was dated July 4, 2022.  Pursuant to the mailbox rule, a pro se habeas petition is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 266, 276 (1988).

28 Therefore, under the mailbox rule, the Court deems the petition filed on July 4, 2022, the date Petitioner presumably handed his petition to prison authorities for mailing.

therefore recommend that Respondent's motion to dismiss be granted and the petition be dismissed with prejudice.

**DISCUSSION**

I.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period, failure to exhaust, and failure to state a cognizable claim. Thus, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.      Limitations Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on February 11, 2021, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the California Court of Appeals affirmed the judgment on June 5, 2012. (Doc. 12-2.) Petitioner did not petition for review in the California Supreme Court. Direct review therefore concluded on July 15, 2012, when

the forty-five day period for filing a petition for review expired.  See Cal. Rules of Court, Rules 8.366 and 8.500.  The statute of limitations commenced on the following day, July 16, 2012, and expired one year later on July 15, 2013.  Absent applicable tolling, the last day to file a federal habeas petition was July 15, 2013.  Here, Petitioner did not file his federal petition until July 4, 2022, which was nearly 9 years beyond the deadline.

III.     Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis,  546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In this case, Petitioner filed three habeas petitions in the state courts as follows:

First Petition
Tulare County Superior Court;
Filed: November 17, 2020;
Denied: November 25, 2020;

Second Petition
California Court of Appeals, Fifth Appellate District
Filed: January 26, 2021;
Denied: April 30, 2021;

Third Petition
California Supreme Court
Filed: June 13, 2021;
Denied: October 13, 2021.

(Docs. 12 – 3-8.)

Petitioner is not entitled to statutory tolling for the time period between the finality of direct of review and the commencement of post-conviction collateral review.  Nino v. Galaza, 183 F.3d 1003,

1006-07 (9th Cir. 1999).  Therefore, by the time Petitioner filed his first petition on November 17, 2020, the statute of limitations had expired by over seven years.  The federal petition is untimely.

IV.    Equitable Tolling

In his opposition, Petitioner contends he is a layman at law and he was not advised he could file a habeas corpus petition.  He claims these circumstances should allow him to bypass the statute of limitations.

Beyond statutory tolling, federal habeas petitioners may also be entitled to equitable tolling of the statute of limitations. Holland v. Florida, 560 U.S. 631, 645 (2010) (holding that "§ 2244(d) is subject to equitable tolling in appropriate cases"); Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir.), *cert. denied*, 133 S.Ct. 769 (2012).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Ford, 683 F.3d at 1237 (quoting Holland, 560 U.S. at 649) (internal quotation marks omitted).

The diligence requirement is a separate inquiry from the extraordinary circumstance inquiry and "covers those affairs within the litigant's control." Menominee Indian Tribe of Wisconsin v. U.S., 136 S. Ct. 750, 756 (2016).  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Id. (quoting Holland, 560 U.S. at 653) (internal quotation marks omitted).  Nevertheless, a petitioner must demonstrate diligence at all times up to the filing of the federal habeas petition, not only during the time an alleged impediment stood in his way of timely filing.  Smith v. Davis, 953 F.3d 582, 598-99 (9th Cir. 2020) (*en banc*).

After Holland, the Ninth Circuit has continued to rely on previous equitable tolling cases in which it held that equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of [the prisoner's] untimeliness." Id. (quoting Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003))) (alterations in Ford) (internal quotation marks omitted); see also Lakey v. Hickman, 633 F.3d 782, 786 (9th Cir. 2011) (citing Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather

than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)).

Petitioner first contends that he is ignorant of the law and only became aware of his right to file a habeas petition when he spoke to another inmate.  Petitioner's claim of ignorance of the law is not an extraordinary circumstance and is insufficient to justify equitable tolling as most inmates are in a similar circumstance.  See, e.g., Waldron-Ramsey, 556 F.3d at 1012-13 (9th Cir. 2009) (finding confusion over state court rulings or the AEDPA do not warrant equitable tolling); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("hold[ing] that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); accord Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Felder v. Johnson, 204 F.3d 168, 171–72 (5th Cir. 2000).  Moreover, the seven-year delay did not relate to the preparation of his pleading, but rather corresponded to the commencement of the pursuit of collateral relief altogether.  Petitioner's claimed ignorance of the law is insufficient to warrant equitable tolling.

Petitioner also faults trial counsel and appellate counsel for misadvising him or failing to advise him of his right to pursue habeas relief.  Respondent correctly points out that the claim is self-serving and devoid of any specifics or any supporting evidence.  It is presumed that counsel acted competently. Strickland v. Washington, 466 U.S. 668, 699 (1984).  Petitioner's conclusory statement does not overcome this presumption.  See, e.g., Robinson v. Johnson, 2022 WL 2892404, at *8 (C.D. Cal. 2022) (denying equitable tolling based on abandonment of counsel when petitioner "provide[d] no proof, other than his own self-serving statements," showing that counsel abandoned him), accepted by 2022 WL 2869847 (C.D. Cal. 2022).  Moreover, courts have routinely rejected attorney failures in informing a petitioner of the deadline to file a habeas petition as an extraordinary circumstance.  See Miranda v. Castro, 292 F.3d 1063, 1067-68 (9th Cir. 2002) (appointed appellate attorney's miscalculation of deadline with respect to filing a habeas petition was not an extraordinary circumstance because there is no constitutional right to counsel in state post-conviction proceedings,

including advice related to those proceedings); <u>Williams v. LaMarque</u>, 2002 WL 1766576, at *2 (N.D. Cal. 2002) (noting that an attorney's miscalculation of the limitations period and negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling in a non-capital case) (citing <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001), *cert. denied*, 535 U.S. 1055 (2002)); <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000) (alleged miscalculation or misinterpretation by petitioner's attorney did not constitute an extraordinary circumstance sufficient to warrant equitable tolling); <u>Gilbert v. Secretary of Health and Human Services</u>, 51 F.3d 254, 257 (Fed.Cir. 1995) (holding that a lawyer's mistake is not a valid basis for equitable tolling); <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000) (lawyer's innocent mistake in interpreting AEDPA's statutory provisions did not constitute extraordinary circumstances external to petitioner justifying equitable tolling); <u>Taliani v. Chrans</u>, 189 F.3d 597, 598 (7th Cir. 1999) (attorney's miscalculation of limitations period not a valid basis for equitable tolling); <u>Kreutzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000) ("counsel's confusion about the applicable statute of limitations does not warrant equitable tolling"). Thus, the mis-advice or non-advice of trial and appellate counsels were not extraordinary circumstances. Further, Petitioner has not shown he acted diligently throughout the limitations period. He has not shown that anything prevented him from timely pursuing his available remedies. Thus, the Court finds he should not be granted equitable tolling.

V.      Exhaustion

Respondent contends that a number of subclaims were not exhausted in the state courts. A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Petitioner presents one ground for relief in his federal petition—a violation of his Miranda[2] rights. However, he presents a number of unrelated subclaims within this ground: 1) Trial counsel rendered ineffective assistance by advising him that a petition could not be filed for 7 years; 2) Appellate counsel was ineffective in failing to raise several claims and by failing to advise him of the writ process; 3) The prosecutor committed misconduct by informing the jury of other stabbings committed by Petitioner; 4) The California Supreme Court erred in ruling the petition untimely; and 5) The superior court erred when it failed to hold an evidentiary hearing.  As Respondent correctly argues, none of these particular claims were presented in the habeas petition filed in the California Supreme Court.  Thus, the petition contains unexhausted claims.

In his opposition, Petitioner requests a stay under Rhines v. Weber, 544 U.S. 269 (2005).  The Supreme Court has held that a federal court's discretion to issue a stay is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Id.  In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances."  Id. at 277.  Specifically, the Court said a stay is appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay."  Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005).  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  Rhines, 544 U.S. at 278.

Petitioner claims that he is a layman at law and was misadvised (or not advised) of the option of seeking habeas relief.  Petitioner presents no evidence in support of this claim.  The Ninth Circuit has held that "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).  As in this case, "[a]n assertion of good cause without evidentiary support

_____

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust," and "a bald assertion cannot amount to a showing of good cause. . . ." Id.

Furthermore, Petitioner has not shown that he has not engaged in intentional delay. Petitioner was sentenced on December 7, 2010. (Doc. 12-1 at 1.) Respondent correctly argues that Petitioner's claims were known or should have been known to Petitioner at the time of trial or appeal, because they occurred during that time period. However, Petitioner delayed filing his state habeas petition raising these claims for nearly ten years. (Doc. 12-3.) He does not show that he was prevented from filing sooner. For these reasons, Petitioner fails to show good cause for a stay under Rhines.

## VI.     Failure to State a Federal Claim

Respondent also argues that several subclaims fail to present a cognizable federal claim. Respondent is correct. Petitioner's claims that the California Supreme Court wrongly found his habeas petition to be untimely, and that the superior court wrongly denied his habeas claims without an evidentiary hearing, are not cognizable on federal habeas review. See Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997) ("Errors in the state postconviction review process [are] not addressable through federal habeas corpus proceedings."); McCowin v. Scott, 67 F.3d 100, 102 (5th Cir. 1995) ("infirmities in state habeas corpus proceedings do not constitute grounds for federal relief."). Thus, these claims should be dismissed.

## RECOMMENDATION

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitations period, failure to exhaust certain claims, and failure to state a claim as to certain subclaims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten

(10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **December 1, 2022**                              */s/ Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE

9