# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| ULISES CHAVEZ, | No. 1:22-cv-00920-JLT-SKO (HC) |
|---|---|
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 19) |
| v. | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| MARTIN GAMBOA, | |
| Respondent. | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

The assigned magistrate judge issued Findings and Recommendations to grant respondent's motion to dismiss and to dismiss the petition as untimely. (Docs. 11, 19.) The Court served the Findings and Recommendations on all parties and advised them that any objections thereto were to be filed within 30 days after service. Petitioner filed objections to the Findings and Recommendations. (Doc. 20.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Findings and Recommendations are supported by the record and proper analysis. Petitioner's objections fail to meaningfully dispute the magistrate judge's reasoning. Notably, the magistrate judge correctly concluded that equitable tolling is

1

unavailable under the circumstances presented notwithstanding Petitioner's assertion that his trial and appellate counsel misled or failed to inform him regarding the applicable habeas statute of limitations, in part because Petitioner has not shown he acted diligently throughout the limitations period.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting

2

*Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

The Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability. Accordingly,

1. The Findings and Recommendations issued on December 1, 2022, (Doc. 19), are **ADOPTED IN FULL**.
2. Respondent's motion to dismiss (Doc. 11), is **GRANTED**.
3. The petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.
4. The Clerk of Court is directed to enter judgment and close the case.
5. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **February 6, 2023**

UNITED STATES DISTRICT JUDGE

3