UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULISES CHAVEZ, | Case No.: 1:22-cv-00920-JLT-SKO (HC) |
| Petitioner, | ORDER SETTING BRIEFING SCHEDULE |
| v. | [60-DAY DEADLINE] |
| MARTIN GAMBOA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his petition in this Court on July 4, 2022.[1] (Doc. 1.) On September 26, 2022, Respondent filed a motion to dismiss contending the petition violated the statute of limitations. (Doc. 11.) On November 10, 2022, Petitioner filed an opposition to the motion to dismiss. (Doc. 17.) On November 28, 2022, Respondent filed a reply to Petitioner's opposition. (Doc. 18.) Upon review of the pleadings, on December 1, 2022, the undersigned issued Findings and Recommendations to grant

---

[1] Although the petition was filed in this Court on July 7, 2022, the petition was dated July 4, 2022. Pursuant to the mailbox rule, a pro se habeas petition is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988). Therefore, under the mailbox rule, the Court deems the petition filed on July 4, 2022, the date Petitioner presumably handed his petition to prison authorities for mailing.

1

the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitations period, failure to exhaust certain claims, and failure to state a claim as to certain subclaims. (Doc. 19.) Petitioner filed objections on December 27, 2022. (Doc. 20.) On February 6, 2023, the District Court adopted the Findings and Recommendations and dismissed the petition as untimely filed. (Doc. 21.) Petitioner appealed to the Ninth Circuit Court of Appeals. (Doc. 23.)

On May 27, 2025, the Ninth Circuit reversed and remanded the case for further factual development of Petitioner's claim for equitable tolling due to his asserted IQ of 66, illiteracy, inability to write, and other mental impairments. (Doc. 28.)

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent is DIRECTED to brief the issue of Petitioner's claim for equitable tolling based on his alleged mental impairments within sixty (60) days of the date of service of this order, or in the alternative, concede the issue of timeliness and file an answer to the petition; and

2) Petitioner MAY FILE a response to Respondent's submission within thirty (30) days of its date of service.

IT IS SO ORDERED.

Dated:   **June 23, 2025**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE