UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULISES CHAVEZ,<br><br>    Petitioner,<br><br>    v.<br><br>MARTIN GAMBOA,<br><br>    Respondent. | Case No.: 1:22-cv-00920-JLT-SKO (HC)<br><br>ORDER EXPANDING RECORD AND GRANTING PETITIONER'S REQUEST FOR EVIDENTIARY HEARING |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 27, 2025, the Ninth Circuit remanded the case for further factual development of Petitioner's claim for equitable tolling. (Doc. 28.) On June 24, 2025, the Court issued an order directing the parties to submit further briefing on the issue of equitable tolling. (Doc. 31.) On September 12, 2025, Respondent submitted briefing under seal. In addition, Respondent submitted evidence in the form of exhibits including: two psychological evaluations conducted on Petitioner in 2008, prior to Petitioner's trial; Petitioner's mental health records from CDCR from the period of December 2010 through March 2023; his education and programming records while in prison; his record of effective communications with prison staff; records of Petitioner's inmate requests and grievances; and records of his appeals in state court. (Doc. 35.)

1

Based on these records, Respondent contends Petitioner should not be granted equitable tolling because he was not suffering "a condition so severe that he was either 'unable rationally or factually to personally understand the need to timely file,' or he was 'unable personally to prepare a habeas petition and effectuate its filing' and (2) that the impairment made it impossible under the totality of the circumstances to meet the filing deadline, whether of his own accord or with assistance, despite due diligence." (Doc. 35 at 8 (quoting Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010)). Respondent further contends that even assuming an extraordinary circumstance existed, it did not cause the untimely filing.

On November 7, 2025, Petitioner submitted briefing under seal. Counsel for Petitioner states Petitioner's legal team has not completed review of the records obtained to date, given the volume of material. Counsel states that the record at present is insufficiently developed to render a decision on Petitioner's mental capacity during the relevant time period. Counsel seeks additional time to complete an investigation into the facts of Petitioner's mental deficiencies and an evidentiary hearing to present the factual, legal and scientific bases of Petitioner's claims of mental impairment. Although Respondent has submitted substantial relevant evidence, the Court agrees that further factual development of the record and a full evidentiary hearing are necessary to enable the parties to present all relevant, available material.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The record is EXPANDED to permit the parties to provide further factual development of Petitioner's alleged mental impairment; and

2) Petitioner's request for evidentiary hearing is GRANTED. Scheduling order will follow.

IT IS SO ORDERED.

Dated: **November 7, 2025**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

2