UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ULISES CHAVEZ,

            Petitioner,

    v.

MARTIN GAMBOA,

            Respondent.

No.  1:22-cv-00920-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATION TO DENY MOTION TO BYPASS THE STATUTE OF LIMITATIONS AND PROCEED TO RESOLVING THE MERITS**

(Doc. 53)

[7-DAY DEADLINE]

## I.  INTRODUCTION

Respondent moves to bypass the statute of limitations issue and proceed directly to the merits of the pending petition, requesting that the Court (1) permit withdrawal of the pending motion to dismiss (Doc. 11) without prejudice; (2) vacate the evidentiary hearing currently set for August 4, 2026; (3) accept Respondent's answer for filing; (4) allow Petitioner a reasonable time to file a traverse; and (5) proceed to resolve the petition on its merits. (Doc. 53.) Petitioner opposes the motion (Doc. 55), and Respondent has replied (Doc. 56.). Having considered the parties' briefing, the undersigned recommends that the motion be **DENIED**, for the reasons set forth below.

## II.  BACKGROUND

Following this Court's dismissal of the petition as untimely, the Ninth Circuit reversed and

1

remanded, holding that the district court erred in dismissing the petition "without further development of the record with respect to his mental impairment," and directing that, on remand, the district court "shall order any discovery, expansion of the record, or evidentiary hearing necessary to determine whether Chavez is entitled to equitable tolling based on mental impairment." (Doc. 28 at 3.) Consistent with that mandate, the Court set a one-week evidentiary hearing beginning August 4, 2026, to resolve the equitable tolling question. (Doc. 49.)

Respondent has since filed an answer addressing the merits of the petition and lodged the remaining state court record. (Docs. 51 & 52.) Respondent now asks the Court to set aside the tolling inquiry, and instead resolve the case on the merits, on the view that this path is more efficient and that the petition plainly fails regardless of timeliness. (Doc. 53 at 2–3.) Petitioner opposes bypass on two grounds: first, that the Ninth Circuit's mandate forecloses the Court's discretion to reach the merits before resolving equitable tolling; and second, that even if such discretion exists, bypass is not the more efficient course because Petitioner intends to seek a stay to exhaust claims in state court and amend his petition in light of the recently lodged state record. (Doc. 55 at 2–6.)

### III.    LEGAL STANDARD

"A district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023) (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). "[T]he lower court must execute the mandate without hesitation." *U.S. v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000). "'[B]roadly speaking, mandates require respect for what the higher court decided, not for what it did not decide.'" *Id.* (citations omitted).

### IV.    DISCUSSION

The Ninth Circuit's remand order addressed a single, discrete error: the dismissal of the petition as untimely without further factual development regarding Petitioner's mental impairment. (Doc. 28 at 3.) The mandate is silent as to the merits of the petition, which were not before the Ninth Circuit on appeal. The mandate "require[s] respect for what the higher court decided, not for what it did not decide." *Kellington*, 217 F.3d at 1093. As such, the mandate's directive is unambiguous as to requiring further development of the record with respect to Petitioner's mental

2

impairment. Specifically, the mandate instructed the district court to "order any 'discovery, expansion of the record, or evidentiary hearing' necessary to determine whether [Petitioner] Chavez is entitled to equitable tolling based on mental impairment." (Doc. 28 at 3 [citation omitted].) Consistent with the Ninth Circuit's mandate, an evidentiary hearing has already been scheduled, and the undersigned finds it appropriate to proceed with that hearing as set.

## V.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that:

1. Respondent's Motion to Bypass the Statute of Limitations and Proceed to Resolving the Merits (Doc. 53) is DENIED; and,

2. The evidentiary hearing set to begin August 4, 2026, remains on calendar.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within seven (7) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **July 10, 2026**

_____
UNITED STATES MAGISTRATE JUDGE