UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ULISES CHAVEZ,

Petitioner,

v.

MARTIN GAMBOA,

Respondent.

No. 1:22-cv-00920-JLT-EGC (HC)

**ORDER GRANTING IN PART AND DENYING IN PART REQUESTS FOR VIDEO ATTENDANCE OF WITNESSES**

(Docs. 57, 59, 62, 63, 65)

## I. INTRODUCTION

Before the Court are three requests, filed pursuant to Federal Rule of Civil Procedure 43(a), for permission to present witness testimony by video at the evidentiary hearing scheduled to begin August 4, 2026: (1) Respondent's unopposed request that four state prison litigation coordinators testify remotely (Doc. 63, which duplicates and supersedes Doc. 57); (2) Respondent's unopposed request that an Avenal State Prison School administrator testify remotely (Doc. 65, which duplicates and supersedes Doc. 62); and (3) Petitioner's unopposed request that his mother, sister, and grandmother testify remotely (Doc. 59).

## II. LEGAL STANDARD

Rule 43(a) requires that witness testimony be taken in open court unless a federal statute, the Federal Rules, or a court order provides otherwise. Fed. R. Civ. P. 43(a). The rule further provides that "for good cause in compelling circumstances and with appropriate safeguards, the

court may permit testimony in open court by contemporaneous transmission from a different location." *Id.* Although Rule 43(a) speaks in terms of trial, the Court, consistent with the parties' framing, treats the rule as instructive here given a district court's broad discretion to expand an evidentiary record through means other than in-person testimony. *See Williams v. Woodford*, 384 F.3d 567, 590 (9th Cir. 2004).

## III. DISCUSSION

### A. Four Prison Litigation Coordinators (Doc. 63; duplicative of Doc. 57)

As an initial matter, Respondent filed this request twice: first as Doc. 57 on June 30, 2026, and again as Doc. 63 on July 3, 2026, which additionally attaches a proposed order. The Court finds the two filings are otherwise identical. The Court treats Doc. 63 as the operative, latter-filed request and addresses it below. Therefore, as a duplicative filing, Doc. 57 is **DENIED AS MOOT**.

Respondent requests remote testimony for four prison litigation coordinators, none of whom has personal recollection of Petitioner. Respondent anticipates each coordinator's testimony would address institutional processes and records from the four facilities where Petitioner was housed. Two coordinators work more than 400 miles from Fresno, and two work approximately 60 miles away. Respondent represents that each coordinator's office is understaffed, and their respective testimonies are expected to be brief and largely uncontroverted. Further, Petitioner does not oppose. Good cause and compelling circumstances support remote testimony. *See* Fed. R. Civ. P. 43(a). Accordingly, the request (Doc. 63) is **GRANTED**.

### B. Avenal State Prison School Administrator (Doc. 65; duplicative of Doc. 62)

Similarly, Respondent filed this request twice: first as Doc. 62 and again as Doc. 65, both filed July 3, 2026, with Doc. 65 additionally attaching a proposed order. The Court finds the two filings are otherwise identical. The Court treats Doc. 65 as the operative, latter-filed request and addresses it below. Therefore, as a duplicative filing, Doc. 62 is **DENIED AS MOOT**.

Respondent requests remote testimony for an Avenal State Prison School administrator who has no personal recollection of Petitioner and whose anticipated testimony would address prison education processes and programs and authenticate or explain related records. Respondent represents that the administrator's office is understaffed, and in-person attendance would divert

limited staff resources for testimony expected to last, at most, approximately one hour. Further, Petitioner does not oppose. Good cause and compelling circumstances support remote testimony. *See* Fed. R. Civ. P. 43(a). Accordingly, the request (Doc. 65) is **GRANTED**.

### C. Petitioner's Family Members (Doc. 59)

Petitioner requests remote testimony for three individuals (his mother, sister, and grandmother), each of whom face obstacles to in-person attendance. First, Petitioner's mother has no driver's license or vehicle, has health issues limiting travel, and provides daytime childcare for grandchildren with no alternative caregiver available. Second, Petitioner's sister works full time and is the primary caregiver for a disabled son, as well as two other young children. Third, Petitioner's grandmother, in her seventies, lives out of state, continues to work, and is now providing active care for an adult son following a medical episode. Their anticipated testimony is expected to be brief and to focus on largely uncontroversial observations of Petitioner *in utero* and through childhood. Further, Respondent does not oppose. Good cause and compelling circumstances support remote testimony. *See* Fed. R. Civ. P. 43(a). Accordingly, the request (Doc. 59) is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Respondent's Unopposed Request for Video Attendance of Witnesses (Doc. 63) is **GRANTED**. Doc. 57, the duplicate predecessor filing, is **DENIED AS MOOT**. The four litigation coordinators identified therein may appear remotely at the evidentiary hearing, using the information provided by the Court.
2. Respondent's Unopposed Further Request for Video Attendance of Witnesses (Doc. 65) is **GRANTED**. Doc. 62, the duplicate predecessor filing, is **DENIED AS MOOT**. The Avenal State Prison School administrator identified therein may appear remotely at the evidentiary hearing, using the information provided by the Court.
3. Petitioner's Unopposed Motion for Video Attendance of Witnesses (Doc. 59) is **GRANTED**. Petitioner's mother, sister, and grandmother may appear remotely at the evidentiary hearing, using the information provided by the Court.

4. The parties are directed to contact the Courtroom Deputy Clerk, Wendy Kusamura, to obtain in advance of the expected testimony the Zoom information for the witnesses identified herein and maintain such Zoom information from being publicly disclosed outside of the attorneys and witnesses identified herein.

IT IS SO ORDERED.

Dated: **July 10, 2026**

Erin Sng Castillo
UNITED STATES MAGISTRATE JUDGE