UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULISES CHAVEZ,<br><br>Petitioner,<br><br>v.<br><br>MARTIN GAMBOA,<br><br>Respondent. | No. 1:22-cv-00920-JLT-EGC (HC)<br><br>**ORDER DENYING REQUEST FOR VIDEO ATTENDANCE OF INCARCERATED WITNESS**<br><br>(Doc. 60) |

## I. INTRODUCTION

Before the Court is Petitioner's request, filed pursuant to Federal Rule of Civil Procedure 43(a), that incarcerated witness Juan Carlos Marquez, inmate # AX5393, testify remotely at the evidentiary hearing scheduled to begin August 4, 2026 (Doc. 60), which Respondent opposes (Doc. 66) and Petitioner has replied (Doc. 75).

## II. LEGAL STANDARD

Rule 43(a) requires that witness testimony be taken in open court unless a federal statute, the Federal Rules, or a court order provides otherwise. Fed. R. Civ. P. 43(a). The rule further provides that "for good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id.* Although Rule 43(a) speaks in terms of trial, the Court, consistent with the parties' framing, treats the rule as instructive here given a district court's broad discretion to expand an

evidentiary record through means other than in-person testimony. *See Williams v. Woodford*, 384 F.3d 567, 590 (9th Cir. 2004).

## III. DISCUSSION

Petitioner requests remote testimony for Juan Carlos Marquez, a fellow inmate at Avenal State Prison who has assisted Petitioner with legal filings since approximately 2019. Petitioner identifies three grounds for remote appearance: (1) the burden that transport places on U.S. Marshals Service and prison staffing resources; (2) the disruption to Marquez's programming and housing; and (3) the risk that Marquez will be perceived as an informant, with resulting safety concerns, if transported to testify.

Respondent opposes, arguing that Marquez is expected to testify to matters going to the heart of the pending equitable tolling determination, which would include his firsthand observations of Petitioner's intellectual and daily functioning and Petitioner's ability to understand and act on his own legal filings. Respondent further argues that (1) the resource burden Petitioner identifies does not outweigh the need for tested, in-person testimony on a contested and central issue; (2) any disruption to Marquez's programming would be brief, given Avenal's proximity to Fresno; and (3) remote appearance would not meaningfully reduce any risk associated with a perceived cooperation with the government.

Petitioner represents that Marquez has direct, firsthand knowledge bearing on Petitioner's intellectual and daily functioning, which is testimony that would go to a central and contested question in the equitable tolling analysis. Given the significance of this testimony and Respondent's stated intention to test Marquez's credibility and personal knowledge, the Court finds that Petitioner has not shown the compelling circumstances necessary to excuse in-person testimony under Rule 43(a).

Accordingly, Petitioner's request (Doc. 60) is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

Petitioner's Motion for Video Attendance of Incarcerated Witness (Doc. 60) is **DENIED**. Witness Juan Carlos Marquez shall appear and testify in person at the evidentiary hearing.

IT IS SO ORDERED.

Dated: **July 13, 2026**

UNITED STATES MAGISTRATE JUDGE