**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ULISES CHAVEZ,

Petitioner,

v.

MARTIN GAMBOA,

Respondent.

Case No.: 1:22-cv-00920-JLT-EGC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY MOTION TO BYPASS THE STATUTE OF LIMITATIONS AND PROCEED TO RESOLVING THE MERITS

(Docs. 53 & 72)

On February 6, 2023, the Court adopted findings and recommendations to dismiss the Petition as untimely, specifically noting that and the magistrate judge "correctly concluded that equitable tolling is unavailable under the circumstances . . . in part because Petitioner has not shown he acted diligently throughout the limitations period." (Doc. 21.) The Ninth Circuit reversed, reasoning that:

> Chavez contends that the district court erred by failing to address his argument that his IQ of 66, illiteracy, inability to write, and other mental impairments entitle him to equitable tolling. Chavez is correct. When a party objects to the magistrate judge's proposed findings and recommendations, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district court did not address Chavez's objection, namely that the magistrate judge did not consider whether equitable tolling is warranted based on his mental impairment. See *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002).
>
> As currently developed, the record is inadequate to say whether

> Chavez was diligent in pursuing his claims "to the extent he could understand them," but that his "mental impairment made it impossible to meet the filing deadline under the totality of the circumstances." [*Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)]; *id*. at 1001 (remanding for further proceedings when the record did not address whether the petitioner was diligent in seeking assistance with his claim). "[M]ore factual development is required before we can say that [Chavez] was or was not precluded from filing his petition by reason of mental impairment." *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003).
>
> Thus, we conclude that the district court erred in dismissing Chavez's petition without further development of the record with respect to his mental impairment. Accordingly, we reverse the judgment and remand to the district court for further factual development. On remand, the district court shall order any "discovery, expansion of the record, or evidentiary hearing" necessary to determine whether Chavez is entitled to equitable tolling based on mental impairment. *Id*. at 924–25.

(Doc. 28.) The Mandate issued June 18, 2025. (Doc. 29.)

Throughout the later part of 2025, the parties briefed the mental impairment issue and an evidentiary hearing was set. (Docs. 33–49.) The matter was then reassigned to a new magistrate judge. (Doc. 50.) Shortly thereafter, Respondent Martin Gamboa moved to bypass the statute of limitations Issue and proceed directly to the merits of the pending petition, requesting that the Court (1) permit withdrawal of the pending motion to dismiss (Doc. 11) without prejudice; (2) vacate the evidentiary hearing currently set for August 4, 2026; (3) accept Respondent's answer for filing; (4) allow Petitioner a reasonable time to file a traverse; and (5) proceed to resolve the petition on its merits. (Doc. 53.)

On July 10, 2026, the assigned magistrate judge issued Findings and Recommendations, recommending that Respondent's motion be denied because the "mandate's directive is unambiguous." (Doc. 72.) On July 14, 2026, Respondent filed his objections (Doc. 82), and Petitioner filed a reply (Doc. 85).

According to 28 U.S.C. § 636(b)(1)(C), this Court has performed a *de novo* review of this case. Having carefully reviewed the matter, including Respondent's objections and Petitioner's reply, the Court concludes the Findings and Recommendations to be supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 10, 2026 (Doc. 72) are

**ADOPTED** in full.

2. Respondent's motion to bypass the statute of limitations and proceed to resolving the merits (Doc. 53) is **DENIED**.
3. The action is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: July 24, 2026

UNITED STATES DISTRICT JUDGE