UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULISES CHAVEZ,<br>Petitioner,<br>v.<br>MARTIN GAMBOA,<br>Respondent. | No. 1:22-cv-00920-JLT-EGC (HC)<br>**ORDER GRANTING MOTION IN LIMINE TO EXCLUDE QUESTIONS REGARDING WITNESSES' CITIZENSHIP OR IMMIGRATION STATUS**<br>(Doc. 76) |

## I. INTRODUCTION

Before the Court is Petitioner's motion in limine to preclude questioning of witnesses regarding their citizenship or immigration status at the evidentiary hearing scheduled to begin August 4, 2026. (Doc. 76). Respondent has responded. (Doc. 83). For the reasons set forth below, the motion is GRANTED.

## II. LEGAL STANDARD

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. Relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, undue delay, or wasting time. Fed. R. Evid. 403.

The Court also exercises reasonable control over the mode and order of examining

witnesses and presenting evidence, so as to make the proceeding effective for determining the truth, to avoid wasting time, and to protect witnesses from harassment or undue embarrassment. Fed. R. Evid. 611(a).

## III. DISCUSSION

Petitioner seeks an order barring Respondent from asking any witness about citizenship or immigration status. Petitioner argues that such status has no tendency to make truthful testimony more or less likely, that any marginal probative value is substantially outweighed by the risk of unfair prejudice, and that the prospect of such questioning would chill witnesses' willingness to appear and testify. (Doc. 76 at 1-2).

Respondent does not meaningfully disagree. Respondent represents that it "does not plan to question any witness regarding his or her citizenship or immigration status as a basis to impeach credibility," and reserves only the ability to inquire if status "becomes relevant to an issue at the evidentiary hearing or if a witness's testimony puts his or her citizenship or status at issue." (Doc. 83 at 1). Respondent adds that there should be no concerns about undue prejudice because the hearing will be tried before a judge, not a jury, and that the Court can rule on relevance as questions arise. (*Id.* at 1-2).

The Court agrees with the parties on the governing principle. A witness's citizenship or immigration status is not probative of that witness's truthfulness, and questioning directed at credibility on that basis is not permissible. Respondent has disclaimed any intention to pursue such questioning, and the motion is granted to that extent without further discussion.

Nonetheless, in the context of these proceedings, the prospect of being questioned under oath about immigration status can deter a witness from appearing or from testifying fully, and that harm occurs when the question is asked, not when it is later ruled inadmissible. Therefore, the Court declines to adopt the procedure Respondent proposes, under which counsel would ask the question and the Court would rule on objection. That approach would allow the harm the motion seeks to prevent to occur before any ruling is issued. Instead, the Court will preserve Respondent's reservation through a different route: if Respondent, or Petitioner, determines that a witness's citizenship or immigration status has become genuinely relevant to an issue in this proceeding,

counsel shall raise the matter with the Court and obtain leave before any such question is asked. This procedure, which shall apply equally to both parties, protects a witness while fully preserving a party's ability to pursue a legitimate line of inquiry should one arise.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's Motion in Limine to Exclude Questions Regarding Witnesses' Citizenship or Immigration Status (Doc. 76) is **GRANTED**.
2. No party shall ask any witness any question concerning citizenship or immigration status at the evidentiary hearing scheduled to begin August 4, 2026. Citizenship and immigration status shall not be used as a basis to impeach or otherwise attack the credibility of any witness.
3. If a party determines that a witness's citizenship or immigration status has become relevant to an issue properly before the Court, counsel shall, before asking any such question, request leave of the Court outside the presence of the witness and outside the presence of any other witness. Counsel shall identify the specific issue to which the inquiry is said to be relevant and the factual basis for the assertion that it has become relevant. Counsel shall not ask any such question unless and until the Court grants leave.

IT IS SO ORDERED.

Dated: **July 29, 2026**

Erin Sug Castillo

UNITED STATES MAGISTRATE JUDGE