UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ULISES CHAVEZ,

Petitioner,

v.

MARTIN GAMBOA,

Respondent.

No. 1:22-cv-00920-JLT-EGC (HC)

**ORDER GRANTING MOTION FOR VIDEO ATTENDANCE OF LAY WITNESS JAIME MAGAÑA**

(Doc. 74)

## I. INTRODUCTION

Before the Court is Petitioner Ulises Chavez's motion, filed pursuant to Federal Rule of Civil Procedure 43(a), for an order permitting lay witness Jaime Magaña to appear and testify by video at the evidentiary hearing scheduled to begin August 4, 2026. (Doc. 74). Respondent opposes the motion (Doc. 90), and Petitioner has replied (Doc. 97). For the reasons set forth below, the motion is GRANTED, subject to the conditions stated herein.

## II. LEGAL STANDARD

Rule 43(a) requires that witness testimony be taken in open court unless a federal statute, the Federal Rules, or a court order provides otherwise. Fed. R. Civ. P. 43(a). The rule further provides that "for good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id.* Although Rule 43(a) speaks in terms of trial, the Court, consistent with the parties'

framing, treats the rule as instructive here given a district court's broad discretion to expand an evidentiary record through means other than in-person testimony. *See Williams v. Woodford*, 384 F.3d 567, 590 (9th Cir. 2004).

## III. DISCUSSION

Petitioner requests remote testimony for Jaime Magaña, his maternal uncle, who resides in Federal Way, Washington, more than 900 miles from the courthouse. (*See* Doc. 97-1). Petitioner identifies as grounds for remote appearance the significant geographic distance between Mr. Magaña and the courthouse, the financial burden of interstate travel, and Mr. Magaña's work circumstances at this time. (Docs. 74, 97). In support, Mr. Magaña declares that his employer has declined to approve the three days of leave that in-person attendance would require because of signed contracts with upcoming deadlines, that travel from Washington would necessitate at least three days away from work, and that the available flights would still require multiple days of leave and are cost-prohibitive. (Doc. 97-1).

Respondent opposes, contending that in-person attendance is warranted because Respondent intends to test Mr. Magaña's credibility and personal knowledge, and that Mr. Magaña, like all involved, should bear the resources required to appear in person. (Doc. 90).

The Court finds that good cause and compelling circumstances support remote testimony. Mr. Magaña's geographic location, combined with his specific work schedule and circumstances at this time, does not lend itself to in-person appearance. *See* Fed. R. Civ. P. 43(a); *see also Warner v. Cate*, No. 1:12-cv-1146-LJO-MJS (PC), 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015) (permitting remote appearance "where a significant geographic distance separates the witness from the location of court proceedings") (citation omitted). Nor does Respondent's stated intent to test Mr. Magaña's credibility and personal knowledge compel in-person appearance. *See Aoki v. Gilbert*, No. 2:11-cv-02797-TLN-CKD, 2019 WL 1243719, at *2 (E.D. Cal. Mar. 18, 2019) ("courts have found that video testimony can sufficiently enable cross-examination and credibility determinations, as well as preserve the overall integrity of the proceedings").

However, the Court does not adopt the premise suggested in Petitioner's reply that Mr. Magaña may testify merely on a lunch break, or that he need make himself available for only a

portion of the hearing day. Testimony given by video is not a lesser or more casual form of testimony. A witness who testifies remotely is testifying in court and is subject to the same oath, obligations, solemnity, and control of the court as a witness who appears in person. The Court therefore grants the motion subject to the conditions set forth below, which are necessary to ensure that Mr. Magaña's remote testimony proceeds with the same integrity as in-person testimony.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Video Attendance of Lay Witness Jaime Magaña (Doc. 74) is **GRANTED**, subject to the conditions set forth below. Mr. Magaña may appear and testify remotely by video at the evidentiary hearing, using the information provided by the Court.
2. Mr. Magaña shall testify from a quiet, private room with a reliable and viable internet connection sufficient to maintain uninterrupted audio and video for the duration of his testimony. Mr. Magaña shall not testify from any location where he is subject to distraction or interruption, and he shall not perform work or engage in any other activity while his testimony is underway. He shall be as attentive to the proceedings as if he were present in the courtroom.
3. Notwithstanding any representation that Mr. Magaña is available only for a portion of the day, Mr. Magaña shall make himself available for the entirety of the hearing day on the date he is called to testify. The Court cannot guarantee the precise time at which his testimony will begin or conclude, and Mr. Magaña must be prepared to testify at the Court's convenience during that day.
4. If any technological, connectivity, or other issue materially disrupts or impairs Mr. Magaña's remote testimony, the Court may require Mr. Magaña to appear in person to commence, continue, or conclude his testimony.
5. Petitioner is directed to contact the Courtroom Deputy Clerk, Wendy Kusamura, to obtain in advance of the expected testimony the Zoom information for Mr. Magaña, and to maintain such Zoom information from being publicly disclosed outside of the attorneys and the witness identified herein.

IT IS SO ORDERED.

Dated: **July 29, 2026**

UNITED STATES MAGISTRATE JUDGE