UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULISES CHAVEZ,<br>Petitioner,<br>v.<br>MARTIN GAMBOA,<br>Respondent. | No. 1:22-cv-00920-JLT-EGC (HC)<br>**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR DISCLOSURE OF PETITIONER'S TRIAL COUNSEL'S FILE**<br>(Docs. 61, 64) |

## I. INTRODUCTION

Before the Court is Respondent's request for disclosure of Petitioner's trial counsel's file, including billing records, subject to a protective order. (Docs. 61, 64). Petitioner opposes (Doc. 91), and Respondent has replied (Doc. 93). The evidentiary hearing in this matter is scheduled to begin August 4, 2026. For the reasons set forth below, the initial request (Doc. 61) is DENIED AS MOOT, and the subsequent, operative request (Doc. 64) is DENIED WITHOUT PREJUDICE.

## II. LEGAL STANDARD

Parties in a habeas proceeding are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2254 cases authorizes discovery only for good cause. And availability of any discovery during habeas proceedings is committed to the sound discretion of the district court. *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993).

Further, the scope of the upcoming evidentiary hearing is fixed by the Ninth Circuit's mandate. The panel reversed solely on the failure to address whether Petitioner's mental impairment warrants equitable tolling, and directed this Court to conduct such further proceedings as necessary to determine whether Petitioner "is entitled to equitable tolling based on mental impairment." (Doc. 28 at 3). The District Judge has since confirmed that the tolling question must be resolved before the merits. (Doc. 96).

The framework governing that question is the two-prong test set out in *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). The first prong asks whether Petitioner's mental impairment was so severe that he was unable rationally or factually to understand the need to timely file, or was unable personally to prepare a petition and effectuate its filing. The second asks whether Petitioner exercised diligence to the extent he could understand his claims, and whether the impairment made timely filing impossible under the totality of the circumstances, including reasonably available access to assistance. *Id.* Both prongs direct the inquiry to Petitioner's own mental condition and his own conduct.

## III. DISCUSSION

### A. Respondent's Initial Request (Doc. 61)

As an initial matter, Respondent filed this request twice, both on July 3, 2026: first as Doc. 61, and again as Doc. 64, which additionally attaches a proposed order. The Court finds the two filings are otherwise identical. Consistent with the parties' understanding following the July 8, 2026 status conference, the Court treats Doc. 64 as the operative request. (*See* Doc. 91 at 1 n.1). Therefore, as a duplicative filing, Doc. 61 is DENIED AS MOOT.

### B. Respondent's Operative Request (Doc. 64)

The request fails for a reason that does not require the Court to resolve the parties' competing positions on privilege: trial counsel's file does not bear on the question this evidentiary hearing was convened to decide.

A trial file is a record of counsel's work. It reflects what counsel investigated, what counsel decided, what counsel communicated, and what counsel billed. The question on remand is not what counsel did. It is whether Petitioner's mental impairment was severe enough to prevent him from

understanding the need to file or from effectuating a filing, and whether that impairment, rather than a lack of diligence, caused the untimely petition. *See Bills*, 628 F.3d at 1099-1100. Those are questions about Petitioner.

Respondent's own description of what the file might contain confirms the mismatch. Respondent seeks "the investigative steps counsel took," counsel's "calculating the statute of limitations," "any extra care he may have taken to convey any advice," and records of counsel's conversations with Petitioner. (Doc. 64 at 2). Each category is directed at counsel's performance. None of it establishes whether Petitioner was mentally impaired during the limitations period, how severe any impairment was, or whether it prevented him from filing. Respondent's request for billing records is further removed still; Respondent has not explained how counsel's time entries would illuminate Petitioner's mental functioning. Respondent has identified no category of material in the trial counsel's file that bears on Petitioner's mental impairment.

Because Respondent has not shown that trial counsel's file bears on the issue before the Court, good cause for its disclosure is absent, and the request must be denied. *See* Rules Governing Section 2254 Cases, Rule 6(a). The Court does not reach the parties' arguments concerning implied waiver of the attorney-client privilege or the scope of any such waiver, and nothing in this Order should be read as resolving those questions.

Further, the denial is without prejudice. The evidentiary hearing has not yet occurred, and the Court cannot foreclose the possibility that the evidence will develop in a way that gives trial counsel's file a bearing it does not presently have. If that occurs, Respondent may renew the request and identify with particularity the categories of documents sought and explain how each category bears on the question of Petitioner's mental impairment.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Respondent's Request for Disclosure of Trial Counsel's File Subject to a Protective Order (Doc. 61) is **DENIED AS MOOT** as a duplicative filing.
2. Respondent's Request for Disclosure of Trial Counsel's File Subject to a Protective Order (Doc. 64) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated: **July 29, 2026**

Erin Sug Castillo
UNITED STATES MAGISTRATE JUDGE