UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULISES CHAVEZ,<br>Petitioner,<br>v.<br>MARTIN GAMBOA,<br>Respondent. | No. 1:22-cv-00920-JLT-EGC (HC)<br>**ORDER DENYING MOTION FOR ORDER PERMITTING PETITIONER TO WEAR PROFESSIONAL ATTIRE**<br>(Doc. 103) |

Petitioner Ulises Chavez moves for an order permitting him to wear professional, non-prison-issued attire at the evidentiary hearing set to begin on August 4, 2026. (Doc. 103). Respondent opposes. (Doc. 104). Petitioner filed a reply (Doc. 105), and Respondent filed a surreply (Doc. 106).[1] The motion is denied.

At the status conference held July 8, 2026, the Court set July 10, 2026, as the deadline for filing all motions relating to the evidentiary hearing. Petitioner filed the present motion on July 30, 2026, twenty days after that deadline. Petitioner did not seek leave to file the motion after the deadline, did not address the deadline, and has not shown good cause to modify it. *See* Fed. R. Civ. P. 16(b)(4). The motion is therefore untimely, and the Court declines to consider it on that basis.

[1] Although the Court recognizes the commencement of the evidentiary is fast approaching, Respondent nonetheless did not seek leave to file a surreply. *See* L.R. 230(m). Because the Court denies the motion on grounds irrespective of the surreply's contents, it need not decide whether to strike it.

Notwithstanding the untimely filing of the motion, the motion is denied because Petitioner has not shown that he will suffer any prejudice by appearing in prison-issued clothing. In *Estelle v. Williams*, 425 U.S. 501 (1976), the concern was that compelling an accused to appear before a jury in identifiable prison clothing may impair the presumption of innocence in the jurors' eyes. None of the factors in *Estelle* are present here. Petitioner is not an accused, and the August 4 hearing will be tried before the Court rather than a jury. Petitioner does not identify any way in which his attire could affect the Court's resolution of the factual questions presented, and the Court is fully capable of evaluating the evidence, including Petitioner's testimony, without regard to what he is wearing. Absent any showing of prejudice, Petitioner has not carried his burden on this motion.

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's motion for order permitting Petitioner to wear professional attire (Doc. 103) is **DENIED**.

IT IS SO ORDERED.

Dated: **August 3, 2026**

Erin Sany Castillo
UNITED STATES MAGISTRATE JUDGE